IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON, Administrator, Environmental Protection Agency, and WAYNE NASTRI, Region 9 Administrator, Environmental Protection Agency,<br><br>Defendants.<br>_____ / | No. C-02-1580 JSW<br><br>**ORDER DENYING MOTION TO STRIKE *AMICI* BRIEF FILED BY OREGONIANS FOR FOOD AND SHELTER, AMERICAN FOREST AND PAPER ASSOCIATION, CROPLIFE AMERICA, AND CALIFORNIA PLANT HEALTH ASSOCIATION AND GRANTING SYGENTA CROP PROTECTION, INC.'S MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE*** |

Now before the Court is the motion of Plaintiff Center for Biological Diversity to strike the *amici* brief filed by Oregonians for Food and Shelter, American Forest and Paper Association, Croplife American, and California Plant Health Association ("Trade Associations") and the motion of Sygenta Crop Protection, Inc. ("Sygenta") for leave to appear as *amicus curiae*. The Court finds the present motions appropriate for decision without oral argument and hereby VACATES the hearing set for May 27, 2005. *See* Civil L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Plaintiff's motion to strike the Trade Associations' brief and GRANTS Syngenta's motion for leave to appear as *amicus curiae*.

The Trade Associations were granted leave to appear as *amici curiae* and were ordered "to consult with defendant beforehand and address only what is different and what defendant has not addressed in its brief." (Minute Order dated August 6, 2002.) *Amicus curiae* may bring additional facts, evidence and legal arguments to the court's attention. *See, e.g.*, *In re Roxford Foods Litigation*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (granting leave for party to appear as amicus and citing with approval *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). "The privilege of being heard amicus rests solely within the discretion of the court . . . Generally, courts have exercised great liberality in permitting an *amicus curiae* to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence . . . There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as *amicus* must merely make a showing that his participation is useful to or otherwise desirable to the court." *United States v. Louisiana*, 751 F. Supp. at 620. Therefore, Plaintiff's motion to strike the Trade Associations' *amici* brief is DENIED.

In addition, *amicus* participation is permitted where intervention was not. *Portland Audobon Society v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989). For the same reasons, and in its discretion, the Court finds Sygenta may also participate as *amicus curiae* in this proceeding.

**IT IS SO ORDERED.**

Dated: May 19, 2005            /s/ Jeffrey S. White
                               JEFFREY S. WHITE
                               UNITED STATES DISTRICT JUDGE