IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY, a
non-profit corporation,

    Plaintiff,

v.

MIKE LEAVITT, Administrator,
Environmental Protection Agency, and
WAYNE NASTRI, Region 9 Administrator,
Environmental Protection Agency,

    Defendants.

No. C 02-01580 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 10, 2005:

      The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendants' cross-motion for summary judgment.

The parties will each have 30 minutes to address the following questions. Amici will be given additional time to address the questions, should they have anything further to add.

1. What has changed of significance with regard to the evidence presented by Plaintiff from the first (and second) motions for summary judgment? What is the appropriate "record" that the Court should consider to determine whether the consultation process has been triggered? If the Court finds that the record is predominantly a matter of material disputed fact, what is the next procedural step in resolving this matter?

2. Doesn't the threshold standard remain whether the specific agency action "may affect" the listed species, meaning may have "any possible effect, whether beneficial, benign, adverse, or of an undetermined character"? Was this issue sufficiently addressed in the parties' first round of summary judgment briefing and determined by the Court in its order dated June 30, 2003 (stating that the Fish & Wildlife Service regulations implementing 16 U.S.C. § 1536(a)(2) require that consultation be initiated "whenever an agency determines that its action 'may affect' a listed species")? Do the Counterpart Rules significantly change the analysis?

3. Does 16 U.S.C. § 1536(c) apply where the project does not involve major construction activities? If not, what is the effect on Plaintiff's analysis?

4. If Plaintiff has produced evidence demonstrating that the pesticides can be found in the California red-legged frog's habitat as well as some evidence of levels of concentration and duration, why is that insufficient to demonstrate that the chemicals "may affect" the species? What evidence do the Federal Defendants contend would be sufficient to meet the "may affect" standard?

5. What is Plaintiff's response to Sygenta's submission of the recent decision in *National Resources Defense Council v. Environmental Protection Administration*, No. RDB-03-2444, from the District Court of Maryland?

6. If the Court adopts its tentative ruling and grants Plaintiff's motion for summary judgment, what would be the appropriate schedule for the parties, including the amici, to meet and confer, and to brief the extent, scope and timing of the remedy? Does Plaintiff contest the schedule proposed by Defendants (Second Williams Declaration) regarding its effects determinations for 24 pesticides identified as potential contaminants associated with the frog's habitat?

7. Do the parties and amici have anything further to add?

**IT IS SO ORDERED.**

Dated: June 9, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE