UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>**UNITED STATES FISH AND WILDLIFE SERVICE**; **DAN ASHE**, in his official capacity as Director of the Fish and Wildlife Service; **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**; and **ROBERT PERCIASEPE**, in his official capacity as Acting Administrator of EPA, <br><br>　　　　Defendants, <br><br>**CROP LIFE AMERICA**; <br><br>　　　　Defendant-Intervenor. | Case No. 3:11-cv-5108-JSW <br> Case No. 3:02-cv-1580-JSW (related case) <br><br><br><br> **STIPULATED SETTLEMENT AND [PROPOSED] ORDER** |

Stipulated Settlement and [Proposed] Order
Case No. 3:11-cv-5108-JSW

Plaintiff Center for Biological Diversity ("the Center"), the United States Fish and Wildlife Service (the "Service"), Dan Ashe, in his official capacity as Director of the Fish and Wildlife Service, the United States Environmental Protection Agency ("EPA"), and Robert Perciasepe, in his official capacity as Acting Administrator of EPA,[1] (collectively "the Parties") by and through the undersigned counsel, state as follows:

WHEREAS, the EPA determined that 64 pesticides "may affect" the California red-legged frog (*Rana draytonii*), which is a federally protected species under the ESA;

WHEREAS, the EPA requested formal consultation on the frog with the Service for these pesticides but the agencies have not yet completed these consultations;

WHEREAS, the Center filed a complaint on October 19, 2011, alleging that the Service and the EPA have violated Section 7 of the Endangered Species Act ("ESA"), the ESA's implementing regulations, and the Administrative Procedure Act ("APA"), with regard to the alleged failure to complete consultation and the potential impacts of these 64 pesticide ingredients upon the California red-legged frog;

WHEREAS, the Center and the Federal Defendants, through their authorized representatives, have reached agreement on the terms of a settlement, which is captured in the form of this Stipulated Settlement, that they consider to be a just, fair, adequate, and equitable resolution of the issues in this case;

WHEREAS, the Center and the Federal Defendants agree that this Stipulated Settlement is in the public interest and is an appropriate way to resolve the remaining disputed issues;

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

## SECTION 7 CONSULTATION SCHEDULE

**1. Compliance with Section 7(a)(2) of the Endangered Species Act**

The Service shall complete consultation with EPA, pursuant to the applicable regulations, on the potential effects of seven pesticides on the California red-legged frog

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Robert Perciasepe is substituted for Lisa Jackson.

1

1  (*Rana draytonii*), according to the schedule delineated in Paragraph 2 of this agreement.
2  The seven pesticides are: glyphosate, malathion, simazine, pendimethalin, permethrin,
3  methomyl, and myclobutanil.

4  **2. Consultation Schedule**

5  No later than one year after the entry of an order by the Court ratifying this Stipulated
6  Settlement, the Service shall conduct consultation and deliver to EPA a draft biological
7  opinion for two of the pesticides listed in Paragraph 1.

9  No later than two years after the entry of an order by the Court ratifying this Stipulated
10 Settlement, the Service shall complete consultation for all seven of the pesticides listed
11 in Paragraph 1.

## NOTIFICATION REQUIREMENTS

**3. Web-site Content**

Prior to the issuance of the press release discussed below, the Service shall create a dedicated webpage that displays the following: (i) a summary of the principal terms of the Stipulated Settlement, including the schedule discussed in Paragraph 2; (ii) a hyperlink to the full text of the Stipulated Settlement; (iii) a hyperlink to the EPA's webpage covering the stipulated injunction entered in *Center for Biological Diversity v. Johnson*, 02-1580-JSW ("Stipulated Injunction"), which is found at: http://www.epa.gov/espp/litstatus/redleg-frog/steps-info.htm; and (iv) a short description of the Stipulated Injunction entered in *Center for Biological Diversity v. Johnson*, Civ. Case No. 02-1580-JSW (N.D. Cal. Oct. 20, 2006), including (1) a statement in bold or underlined text that the pesticide use restrictions in the Stipulated Injunction are still in effect; (2) a list of the counties affected by the Stipulated Injunction; (3) a map of the State of California highlighting the counties where the Stipulated Injunction applies; (4) a statement that EPA has since found that 62 pesticides covered by the Stipulated Injunction "may affect" and are "likely to adversely affect" the California red-legged frog; and (5) a hyperlink to the Service's webpage on the California

red-legged frog, which is found at:

http://ecos.fws.gov/speciesProfile/profile/speciesProfile.action?spcode=D02D.

Prior to the issuance of the press release discussed below, the Service shall also create a dedicated webpage that will (i) include hyperlinks to all final biological opinions issued after 2012 that are the result of consultation between EPA and the Service regarding applications for registration or re-registration under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136, et. seq; (ii) provide a timeline for preparation of all biological opinions imposed by court order; (iii) provide a hyperlink to the dedicated webpage on the Stipulated Settlement that is described above; and (iv) explain that pesticides may be harmful to some endangered species.

**4. Public Notification of Stipulated Settlement**

Within two weeks of the Court's approval of this Stipulated Settlement, the Service shall issue a press release that alerts the public to the Stipulated Settlement and shall post said press release on the homepage of the Service's webpage, which is found at: http://www.fws.gov/. The press release shall include hyperlinks to the webpages developed as discussed in Paragraph 3.

## MODIFICATION

5. The Parties reserve the right to seek to have this Court modify this Stipulated Settlement because of the Service's ongoing actions to comply with the ESA, to meet the requirements of other federal agencies or departments, or to deal with circumstances not presently anticipated. The Court will consider such future requests as it deems appropriate.

## DISPUTE RESOLUTION

6. In the event of a disagreement between the Parties concerning the interpretation or performance of any aspect of this Stipulated Settlement, the dissatisfied Party shall provide the other Party with written notice of the dispute and a request for negotiations. The Parties

shall confer in order to attempt to resolve the dispute within 14 days after receipt of the notice, or such time thereafter as is mutually agreed upon. If the Parties are unable to resolve the dispute within 21 days after receipt of the notice, or such time thereafter as is mutually agreed upon, then any Party may petition the Court to resolve the dispute.

## ATTORNEYS' FEES

7. The Federal Defendants agree that Plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs. Federal Defendants and Plaintiff agree to attempt to resolve Plaintiff's claim for fees and costs for all claims in this action expeditiously, without the need for Court intervention. The Parties recognize that Defendants have not waived any defense to and preserve their right to challenge the reasonableness of the amount of attorneys' fees and costs requested by Plaintiff in the event that Plaintiff and Federal Defendants are unable to resolve Plaintiff's claim for fees and costs. The Parties further recognize that Plaintiff reserves the right to seek additional fees and costs incurred arising from a need to enforce or defend against efforts to modify this Stipulated Settlement or for any other unforeseen continuation of this action.

8. If the Federal Defendants and Plaintiff cannot agree on the amount of such fees within 60 days of the Court approving this Stipulated Settlement, Plaintiff shall file a motion for attorneys' fees and costs with the Court in this matter. This 60 day period shall supersede the 14 day time period otherwise applicable pursuant to Federal Rules of Civil Procedure Section 54(d)(2)(B) and the court order approving the Stipulated Settlement will accordingly operate as an enlargement of time pursuant to Federal Rules of Civil Procedure Section 6(b)(1) for Plaintiffs to file a fee motion.

## SCOPE OF THE STIPULATED SETTLEMENT

9. It is the expectation and understanding of the Parties that if EPA cancels the pesticide registration of any of the active ingredients listed in Paragraph 1, the Service shall not be required to complete consultation with regard to that active ingredient.

10. No provision of this Stipulated Settlement shall be interpreted as or constitute a commitment or requirement that the Federal Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Stipulated Settlement shall be construed to limit or modify the discretion accorded to the Federal Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in conducting the ESA consultation described above, or as to the substance of any such determinations.

11. Nothing in this Stipulated Settlement shall bar the Federal Defendants from acting on any matters covered herein in a time frame earlier than required by this Stipulated Settlement, or from taking additional actions not specified herein if the Federal Defendants determines such actions are appropriate under applicable law.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

13. The Parties agree that this Stipulated Settlement was negotiated in good faith and that entry of this Stipulated Settlement constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. By entering into this Stipulated Settlement, the Parties do not waive any claim or defense.

14. The undersigned representatives of each Party certify that they are fully authorized by the Party (or Parties) they represent to agree to the terms and conditions of this Stipulated Settlement and do hereby agree to the terms herein.

15. Upon entry of this Stipulated Settlement, Plaintiff's complaint shall be dismissed without prejudice. Plaintiff resolves its Complaint as to the seven active ingredients listed in Paragraph 1, but Plaintiff reserves the right to bring a new Complaint as provided herein regarding the 57 other active ingredients. Plaintiff agrees not to bring, assist any other Party in bringing, or join the Service, EPA, or any other Party in any court proceeding that concerns a failure to complete consultation for the California red-legged frog as to those 57 active ingredients until two years after the Court's ratification of this Stipulated Settlement as set forth in Paragraph 2 of this Stipulated Settlement.

16. This Stipulated Settlement does not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the United States, including without limitation, the Federal Defendants, their officers, or any other person affiliated with the Service or EPA, or any interpretation of any applicable provision of law. This Stipulated Settlement has no precedential value and shall not be used as evidence in any other court proceeding or in any other settlement discussions (other than litigation to enforce this Stipulated Settlement).

17. Plaintiff's sole judicial remedy to address the merits of any final action that may ensue from the Service's performance of its obligations under this Stipulated Settlement is to file a separate lawsuit challenging such final action. The Federal Defendants reserve all defenses to any such suit. Nothing in this Stipulated Settlement alters or affects the standards for review of final agency action, or creates jurisdiction that otherwise would not exist to review agency action.

18. Notwithstanding the dismissal of this action, the Parties have agreed and requested that this Court retain jurisdiction to oversee compliance with the terms of this Stipulated Settlement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

19. The terms of this Stipulated Settlement constitute the entire agreement of the Parties, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

20. The terms of this Stipulated Settlement shall become effective upon entry of an order by the Court ratifying this Stipulated Settlement.

**PURSUANT TO STIPULATION, IT IS ORDERED** that the Settlement executed by the Parties is hereby incorporated into this Order; and

**IT IS FURTHER ORDERED** that this Court shall have continuing jurisdiction to enforce this Order and the terms of the Settlement herein consistent with the terms of that agreement; and

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED** without prejudice. The Court finds the claims settled in this action broader than those settled in the Stipulated Injunction issued in case no. 02-1580 JSW dated October 20, 2006 and thereby DENIES CropLife's motion to dismiss as not well-taken.

Dated:  November 4, 2013

_____
United States District Judge

Presented by:

/s Collette Adkins Giese

Collette Adkins Giese (MN Bar # 035059X)
Justin Augustine (CA Bar # 235561)
CENTER FOR BIOLOGICAL DIVERSITY
SAN FRANCISCO BAY AREA OFFICE
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682
Facsimile: (415) 436-9683
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

/s Erik E. Petersen
---

Erik E. Petersen, Trial Attorney
Wildlife and Marine Resources Section
United States Department of Justice
Tel: (202) 305-0339 || Fax: (202) 305-0275

Attorneys for Defendants